**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLOS GUEDEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN and TODD BLANCHE,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1130-PRW |

# ORDER

Before this Court is Petitioner's pro se Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for their detention. The Petition alleges three grounds for relief. The first ground alleges a violation of §§ 236 and 287 of the Immigration and Nationality Act (INA) because the ICE officers who arrested Petitioner "did not tell [him] there was a warrant for [his] arrest…nor was [he] served with a copy of the warrant." The second ground alleges a violation of 8 C.F.R. § 241.4(l) because Petitioner "was not notified of the reasons for revocation [of release] nor was [he] afforded an initial informal interview [to] respond to the reasons for revocation." Ground three requests a bond hearing pursuant to 8 C.F.R. § 1226, which this Court construes to refer to 8 U.S.C. § 1226 due to Petitioner's pro se status. On July 29, 2026, Magistrate Judge Amanda L. Maxfield issued a Report and Recommendation (Dkt. 13) recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing within seven days. Magistrate Judge Maxfield determined that Petitioner is entitled to an individualized

bond hearing under the Tenth Circuit's opinion in *Quiroz v. Mullin*,[1] which held that § 1226(a) provides aliens arrested within the interior of the United States a right to such a hearing. Magistrate Judge Maxfield also determined that Petitioner's remaining claims were without merit. On August 4, 2026, Respondents filed Objections (Dkt. 15) to the Report, arguing that the Petition should be denied as moot because Petitioner received a bond hearing two days after the Report was issued. Respondents did not object to the Magistrate Judge's determination that Petitioner was not required to exhaust his administrative remedies before filing his Petition, and have therefore waived the exhaustion issue initially raised in their Response (Dkt. 9) to the Petition.[2]

The Court holds that Petitioner's § 1226 claim is moot. Respondents have produced evidence that Petitioner was scheduled for a custody redetermination proceeding on July 31, 2026, but that Petitioner withdrew the request for the hearing.[3] Petitioner has not explained the reason for the withdrawn request, and in any event, was scheduled for another individualized hearing on August 6, 2026.[4] Although Petitioner remains in immigration custody, he has not contested the adequacy of those proceedings.

Petitioner's other claims for relief are without merit. Petitioner's first ground alleges violations of §§ 236 and 287 of the INA. Section 236 of the INA, codified at 8 U.S.C. § 1226, states that an "alien may be arrested and detained pending a decision on whether the

---

[1] *Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026).

[2] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (citations omitted).

[3] Order of Immigration Judge (Dkt. 15-3).

[4] Notice of Internet-Based Hr'g (Dkt. 15-4).

alien is to be removed from the United States" "[o]n a warrant issued by the Attorney General." Section 287 of the INA, codified at 8 U.S.C. § 1357, provides that certain persons in the Department of Justice shall have the power to make warrantless arrests of aliens in certain circumstances. Accordingly, the first question is whether Petitioner can establish that he is not being detained in immigration custody pursuant to a valid arrest warrant issued by the Attorney General. Respondents produced a copy of an arrest warrant served and signed by Petitioner on May 2, 2026, by a deportation officer.[5] Although Petitioner contends he was not aware of these documents until reading the Response, the Magistrate Judge found Respondents' evidence "more compelling as to this issue,"[6] and the Court sees no reason to reject that finding. Petitioner points to a Department of Homeland Security record stating that he had no "wants or warrants" at the time he was taken into immigration custody, but it is unclear which document is accurate as of the time of Plaintiff's arrest because both are dated May 2, 2026.[7] In any event, there is no evidence the arrest warrant was fraudulent or invalid. The first ground is therefore without merit.

Petitioner's second ground alleges violations of 8 C.F.R. § 241.4(l). That regulation provides that an alien "who has been released under an order of supervision or other conditions of release who violates the conditions of release may be returned to custody," and upon revocation, must be "notified of the reasons for the revocation of his or her release or parole." Additionally, "[t]he alien will be afforded an initial informal interview promptly

---

[5] Warrant for Arrest of Alien (Dkt. 9-3).

[6] R&R (Dkt. 13), at 7.

[7] Warrant for Arrest of Alien (Dkt. 9-3); R. of Deportable/Inadmissible Alien (Dkt. 9-2).

after his or her return to…custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." In deportation and administrative cases, the harmless error standard applies,[8] and "it is Petitioner's burden to show that the government's failure to abide by its own regulations prejudiced him."[9]

First, 8 C.F.R. § 241.4 applies by its own terms only to aliens who have been "ordered removed."[10] A review of Petitioner's EOIR Case Information page does not show a decision by an Immigration Judge ordering Petitioner to be removed.[11] Even if Petitioner is subject to a removal order, however, Petitioner has not shown that any failure to provide the procedures required by § 241.4(l) prejudiced him. Section 241.4(l) provides that an alien's release may be revoked when "[i]t is appropriate to enforce a removal order or to commence removal proceedings against [him]." Petitioner's Notice to Appear states that he was admitted to the United States "as a B2 Visitor for Pleasure with authorization to remain…[until] September 1, 2020," and that Petitioner remained in the United States beyond September 1, 2020, without authorization.[12] Petitioner has attached documents

---

[8] *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, 2025 WL 3048932, at *2 (W.D. Okla. Oct. 31, 2025) (citing *Nazaraghaie v. I.N.S.*, 102 F.3d 460, 465 (10th Cir. 1996) (citations omitted); *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 870 F.3d 1222, 1238-39 (10th Cir. 2017) (citations omitted)).

[9] *Id.* (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (holding that errors in administrative proceedings do not call for reversal without plaintiffs demonstrating that such errors produced prejudice)).

[10] 8 C.F.R. § 241.4(a)(1)-(4).

[11] Exec. Off. for Immigr. Rev., *Automated Case Info.: Case Info. for A-218-137-613*, U.S. Dep't of Just., https://www.justice.gov/eoir/eoir-case-information (last visited Oct. 13, 2026).

[12] Notice to Appear (Dkt. 16-1), at 1.

showing that he was granted a request for an extension of temporary stay from September 2, 2020 to December 1, 2020,[13] and then granted temporary protective status to remain in the United States until September 10, 2025.[14] But a later Department of Homeland Security document states that Petitioner's temporary protective status was terminated on November 20, 2025,[15] and there is no record to show that Petitioner was granted permission to stay in the United States beyond that date. Additionally, Petitioner was scheduled for an individualized hearing before an Immigration Judge on August 6, 2026, where Petitioner may have been able to show that he was entitled to remain in the United States.[16] Accordingly, any error under 8 C.F.R. § 241.4(l) was harmless.

Having reviewed the Report and Recommendation and Respondents' objections *de novo*,[17] the Court agrees with some, but not all of the Report and Recommendation's reasoning and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 9) **IN PART**. The Petition (Dkt. 1) is **DENIED**. All other pending motions are **DENIED AS MOOT**.

---

[13] Form I-797C, Notice of Action (Dkt. 10), at 17-18.

[14] Form I-797A, Notice of Action (Dkt. 10), at 20.

[15] R. of Deportable/Inadmissible Alien (Dkt. 9-2), at 3.

[16] Notice of Internet-Based Hr'g (Dkt. 15-4).

[17] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

**IT IS SO ORDERED** this 13th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE